46 F.3d 1129
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Albert Lamar WELLS, III, a/k/a Roach, Defendant-Appellant,
and
Wanda Michelle Scates, a/k/a Red, Defendant.
 No. 94-5259.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 19, 1995.
Decided Feb. 9, 1995.
 
 David A. Bornhorst, North Charleston, SC, for appellant.
 J. Preston Strom, Jr., U.S. Atty. and Mary Gordon Baker, Asst. U.S. Atty., Charleston, SC, for appellee.
 Before WILKINS and MICHAEL, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 
 OPINION
 PER CURIAM
 
 1
 Albert Lamar Wells, III, entered a guilty plea to one count of a seven-count criminal information charging him with possession with intent to distribute 71.74 grams of cocaine base in violation of 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1994). The base offense level of thirty-two was reduced three points to twenty-nine, reflecting Wells's acceptance of responsibility. Wells had a criminal history category of one. Accordingly, the appropriate guidelines sentencing range was 87 to 108 months. The statutory minimum provided by 21 U.S.C.A. Sec. 841(b)(1)(A) (West 1981 & Supp.1994), however, required a sentence of no less than 120 months. Accordingly, the district court disregarded the guidelines range and sentenced Wells to 120 months as required by the statutory minimum.
 
 
 2
 Counsel for Wells has filed a brief with this Court in accordance with Anders v. California, 386 U.S. 738 (1967), in which he raises two issues but states that in his view there are no arguable issues of merit in this appeal. Wells has been notified of his right to file a supplemental brief, but has failed to exercise his right in this regard.
 
 
 3
 We find the district court correctly applied the 120-month statutory minimum sentencing provision provided by 21 U.S.C.A. Sec. 841(b)(1)(A) (West 1981 & Supp.1994). The statutory minimum sentence imposed does not violate the separation of powers doctrine, see United States v. Jackson, 863 F.2d 1168, 1171 (4th Cir.1989) (citing United States v. Evans, 333 U.S. 483 (1948)), or the Eighth Amendment's prohibition against cruel and unusual punishment. See Harmelin v. Michigan, 501 U.S. 957 (1991). As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all arguable issues presented by this record and conclude that there are no nonfrivolous grounds for appeal. Accordingly, we affirm the conviction and sentence.
 
 
 4
 This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that copies thereof were served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED